## MINNESOTA COMPANY v. ST. PAUL COMPANY.

1. Where, under the statutes of Wisconsin, several mortgages had been executed by the La Crosse and Milwaukee Railroad Company, upon several divisions into which that railroad was divided, including all the rolling stock, which at the date of the mortgages respectively "had been already procured or might thereafter be procured for or used upon the said road," meaning the particular division described in the mortgage—upon a bill filed by the purchaser under a subsequent mortgage of the whole road and all the rolling stock, claiming a portion of the rolling stock against the purchaser under one of the former mortgages, on the ground that it was appurtenant to another division of the road and not to that described in such former mortgage, and also upon the further ground that it was not included in the decree of foreclosure of such former mortgages, this court (*Minnesota Co.* v. *St. Paul Co.*, 2 Wallace, 609), affirmed the decree against the defendant upon a demurrer to the bill.

But now the case coming back after answer and full proofs, the court *held*, that in the absence of any specific apportionment in fact between the several divisions of the road the mortgages operated upon all the rolling stock in the order of their dates; and a decree below dismissing the bill was affirmed.

2. A supplemental bill dismissed as relating to matters not in their nature supplemental; and a cross-bill dismissed as rendered unnecessary by the principal decree in this case.

Two appeals from the Circuit Court for Wisconsin; the parties being in the first case the Milwaukee and Minnesota Railroad Company appellant, against the Milwaukee and St. Paul Railroad Company; and in the second, Soutter and Knapp, survivors, against the company, appellants in the first.

*Messrs. Cary and Carlisle, for the appellants; Messrs. Cushing and Stark, contra.*

Mr. Justice NELSON stated the case and delivered the opinion of the court.

The case was before the court on a demurrer to the bill, and is reported in 2 Wallace, p. 609. It involved a question as to the ownership of the rolling stock on the La

Crosse and Milwaukee Railroad, extending from Milwaukee to La Crosse, some two hundred miles.

This company mortgaged the Western Division, from Portage to La Crosse, one hundred and five miles, to Bronson, Soutter, and Knapp, on the 31st December, 1856, to secure the bondholders; and, on the 17th August, 1857, mortgaged the Eastern Division, from Milwaukee to Portage, ninety-five miles, to Bronson and Soutter to secure the bondholders on that division.  The mortgage on the Western Division was foreclosed in default of payment, purchased in, and a new company formed called the Milwaukee and St. Paul Railroad, which is the defendant in this suit, and which sets up a right to the rolling stock by virtue of the purchase and title under the mortgage.

This La Crosse and Milwaukee Company also executed a mortgage on the first of June, 1858, to W. Barnes to secure another issue of bonds, which covered the whole of the road from Milwaukee to La Crosse.  This mortgage was also foreclosed in default of payment, purchased in, and a company organized called the Milwaukee and Minnesota Railroad Company, and is the complainant in this suit, and which sets up a title to the rolling stock as owner of the equity of redemption of the Eastern Division, there being prior mortgages on it to Bronson and Soutter, and others; the ground of claim being, that this stock belonged to that division, and not to the Western, and was covered by this Bronson and Soutter mortgage and others.  The description of the rolling stock in each of the mortgages was substantially the same, and is as follows: " And, also, all and singular the locomotive engines and other rolling stock, and all other equipments of every kind and description which have already been, or may hereafter be, procured for or used on said road," &c.  Each of the three mortgages mentioned was made subject, in express terms, to the lien of all prior mortgages on the road.  When the question came before this court on the bill and demurrer, a majority of the court held it sufficiently appeared by the facts set forth in the bill, and which were admitted by the demurrer, that the rolling stock

belonged to the Eastern Division by some division or assignment of it, or, if not, it sufficiently appeared in the foreclosure and sale of the mortgage on the Western Division in the District Court of the United States, and under which the defendant derived title, that that court had decided the stock belonged to the Eastern Division, and hence the complainant, the Minnesota Company, as owner of the equity of redemption, claimed it had made out a title to it. The demurrer was, of course, overruled, and the cause remanded to the court below for further proceedings. On the cause coming down to that court, leave was given to the defendant to answer, which was put in accordingly, and to which there was a replication, and the parties went to their proofs. A large amount of testimony was taken on both sides, which is in the record, and the cause is now before us on the pleadings and proofs. The bill was dismissed in the court below on account of a division of opinion between the judges. It is here on appeal by the complainant, the Minnesota Company.

The proofs show that the rolling stock in dispute was purchased by the funds of the La Crosse and Milwaukee Company; that it was placed and used on the entire line of the road, embracing both divisions; and that no division of the stock had ever been made by the company between the two divisions, but was purchased out of the common funds, and used on the whole line for the common benefit. The mortgage on the Western Division was the oldest, and to which was attached priority of lien on the road by its very terms. It is manifest, therefore, if there was nothing else in the case, that an interest in and right to the use of the rolling stock became vested in the defendant, the St. Paul's Company, by the foreclosure of this mortgage and purchase, under which it acquired title to the Western Division.

It is insisted, however, that the right and title to this rolling stock were adjudicated to the Eastern Division by the court in the foreclosure suit, which opinion was entertained by a majority of the court as the case was presented in the bill and admitted by the demurrer. The question comes

before us now, however, in a different aspect, after answer, replication, and proofs, and several matters which were stated in the bill and admitted by the demurrer have been denied and disproved by the proofs. One of these matters, namely, the division of the rolling stock and assignment of the portion in question to the Eastern Division, has already been referred to and explained. Another, and most material matter, is the action of the court in the foreclosure suit, and alleged adjudication of this stock in the same to the Eastern Division, which is denied in the answer, and all the facts and circumstances bearing upon the question, very fully presented in the proofs, and upon which, it is the opinion of a majority of the court, that no such adjudication took place; that, on the contrary, the order of sale in the foreclosure suit included this rolling stock; also the advertisement of the marshal, his report of the sale, and the confirmation of the same. It is true that there is some obscurity in one or two of the preliminary orders in the foreclosure proceedings; but we think they have been explained by the proofs in the case, and the more full examination of all the orders made therein by the court. An instance is the order of the court, May 7th, 1863, soon after the order of confirmation of the sale, which was supposed to indicate the understanding of the court according to the interpretation of the complainant. It now appears that it was not intended as a final order, but temporary, providing for the custody of the property during the time allowed the Minnesota Company to prepare an answer to resist the application by the St. Paul Company for the possession of this rolling stock. The final order was not made till the 12th of June, in which this rolling stock was ordered to be delivered to the St. Paul Company, subject to other previous liens on the same; and it now appears, also, that no rolling stock was ever delivered under the order of the 7th of May, but was delivered under that of the 12th of June.

Our conclusion is, that the foreclosure of the mortgage of the La Crosse and Milwaukee Company, of the 31st of December, 1856, to Bronson, Soutter, and Knapp, which in-

cluded the rolling stock in question, a right to the use of this stock on the road passed to the St. Paul Company under the foreclosure and organization of the company in pursuance thereof.

The decree of the court below must, therefore, be AF-FIRMED.

It appears that a second supplemental bill was filed by the complainant, the Minnesota Company, against the same defendant, setting up, among other things, a right to the rolling stock in controversy in the first, and also a right, as against the St. Paul Company, to compensation for the use of said rolling stock running on the Western Division.

There are also many allegations in the bill charging the St. Paul Company with a breach of the original charter in the construction of a road for the purpose of disconnecting the Western from the Eastern Division, and interrupting a through line from La Crosse to Milwaukee. It is quite apparent that the matters set forth in this bill are not the subject of a supplemental bill. The first supplemental bill set up a claim to the rolling stock under the decree in the original suit of foreclosure of the mortgage. The present bill is filled with matters of complaint, which have occurred since the original decree of foreclosure and sale, and which have no necessary connection with that decree, such as a claim for the use of the rolling stock, the right to which was in litigation in the first supplemental bill, and in respect to which no right could be set up for the use of it until the title had been determined in its favor; and, as it respects the portion of the bill relating to the violation of the charter, and attempt to divert the travel and interrupt the through line in running the road, the matter could have no possible connection with the original bill or decree, of which this is claimed as supplemental. The decree below was, therefore, right in dismissing the bill.

DECREE AFFIRMED; CASE REMANDED TO COURT BELOW.

The cross-bill, also, to the first supplemental bill, which

was founded on a second mortgage given by the La Crosse and Milwaukee Company to Bronson, Soutter, and Knapp, which was in the nature of a further assurance concerning the rolling stock, was properly dismissed. As the effect of dismissing the supplemental bill was to affirm the right of the St. Paul Company to the use of the rolling stock on the Western Division on the ground it was covered by the first mortgage, and which we have affirmed, the cross-bill was useless and of no effect.

DECREE AFFIRMED; CAUSE REMANDED TO COURT BELOW.

In the first of these two appeals, Mr. Justice MILLER dissented.