GOSHEN MANUFACTURING COMPANY *v.* HUBERT A. MYERS MANUFACTURING COMPANY ET AL.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE SEVENTH CIRCUIT.

No. 60.    Argued November 1, 2, 1916.—Decided December 11, 1916.

When patent rights have been infringed and sound reason exists for believing that the infringement may be resumed in the future, the case is remediable in equity by an injunction, with an accounting for past profits.

Evidence to the effect that defendant company, as a result of plaintiff's published claim of infringement, became financially embarrassed, decided to cease manufacturing the device in question, sold all its property (except its patent), and went out of business six months before this suit was begun, *held,* insufficient to remove the menace

of future injury arising from the facts that defendant retained the junior patent under which the alleged infringements were practiced and justified, did not disclaim intention to proceed under it, denied infringement, put in issue plaintiff's patent and title, and shortly before this bill was filed brought an action for damages based on the published notice of infringement, averring that it was still in the business of manufacturing the articles in question.

215 Fed. Rep. 594, reversed.

THE case is stated in the opinion.

Mr. *Fred L. Chappell,* with whom Mr. *Otis A. Earl* was on the briefs, for petitioner.

Mr. *V. H. Lockwood* for the respondent company, submitted.

MR. JUSTICE McKENNA delivered the opinion of the court.

Suit for infringement of a patent brought by petitioner, whom we shall call complainant; against the respondents, whom we shall call defendants, in the Circuit Court for the District of Indiana, October 3, 1910.

The device of the controversy is a new and useful improvement in hoisting pulleys. It is alleged to have been invented by Hubert A. Myers, one of the defendants, who, after his application for a patent but before the issue thereof, assigned all of his right and title to one Allen P. Boyer, to whom a patent was issued January 21, 1908. Boyer, on the twenty-eighth of September, 1910, sold and assigned his right and title to the patent to complainant, "together with all rights and choses in action which had accrued to him, as well as those which might accrue for infringement thereof, and all rights to sue for and recover damages or profits for the same."

It is alleged that after the issue of the patent and before the commencement of the suit defendants infringed the

invention by constructing and selling a large number of the pulleys, the exact number not known, and discovery is therefore prayed; and it is alleged that defendants have a large number on hand which they are offering for sale.

It is further alleged that large profits have been realized by defendants which might have been obtained by complainant; how much exactly, however, is unknown, and discovery is prayed. An accounting is also prayed and preliminary and final injunctions.

It is alleged that Myers took part in promoting and organizing the defendant corporation, that he is a large stockholder and is actively engaged in directing and managing the affairs of the company, being its general manager.

It is also alleged that the trade and public have recognized the value and validity of the patent.

The defendants answered separately. Myers' answer is not in the record. The defendant company's is, and denies that the company had in any manner infringed the rights of the complainant under the patent or that any great loss or injury had accrued or will accrue to complainant by reason of anything theretofore done by defendant or that complainant had been or is being deprived of any gains or profits to which it is lawfully entitled, by reason of any act or any manufacture, use or sale of hoisting devices by defendant.

And defendant alleges that it has not manufactured any hoisting device of any kind since October, 1909, or sold or had for sale any hoisting device since March, 1910, and that complainant had knowledge of such facts before bringing this suit; and denies that it was receiving or enjoying great gains or profits or had avowed its determination to continue manufacturing and selling any such devices.

It admits that Myers took part in organizing the defendant corporation, but denies that he is a stockholder or

in management of its affairs; alleges that he has not been a director or other officer since November 18th, 1909, and that he ceased to be a stockholder on December 17th, 1909, or connected with the company or interested therein.

The answer denies the other allegations of the bill, including the novelty of the device, specifically alleging that it was not the result of invention but merely of mechanical skill in bringing together parts of hoisting devices long previously well known and described and published in prior patents, a list of which is given, and that hoisting devices in all substantial and patentable respects similar to the alleged invention were known and publicly sold and used in the United States, the instances of which are related.

Abandonment of the alleged invention by Myers is alleged, that complainant is estopped by reason of actions had in the Patent Office from claiming a device other than in the specific form shown and described in the patent, that Myers was not the first inventor or discoverer of a material and substantial part of the device of the patent and that neither he nor the complainant has ever made or filed a disclaimer thereof, to the great injury of defendants.

There was a replication filed to the answer.

Upon the issues thus formed by the pleadings proofs were taken and a decree was entered that the suit be dismissed for want of equity. The decree gives no information upon which it was based.

The complainant took the case to the Circuit Court of Appeals and that court affirmed the decree. Stating the question presented, the court said: "The first and decisive question in this appeal from a decree dismissing a bill in equity after a full hearing is whether a court of equity or a court of law is the proper forum in which to determine complainant's rights."

It will be observed that defendant puts in issue the title of complainant, the novelty of the device described in the

patent, alleges anticipation and precludes or narrows it by the condition of the prior art. It denies infringement and also irreparable loss or injury to complainant by anything theretofore done by defendant or that complainant was deprived or is being deprived of any great gains or profits to which it is lawfully entitled by reason of any act or any manufacture, use or sale of hoisting devices by defendant.

It appears from the facts found that Myers was the inventor of complainant's device and that he subsequently claimed to have invented another, different from and superior to that of complainant which he assigned to Boyer, and that the defendant company which Myers had helped to organize began to manufacture the device of the alleged second invention of Myers and made 25 in the Spring of 1908, and the following Fall prepared to make 500 more, 300 of which were sold and the rest not completed. In August, 1909, the defendant company contracted to manufacture and sell to one Diedrich 500 additional carriers for the season of 1910. It was in testimony that the 300 carriers sold by defendant were sold through Diedrich as its agent.

In October, 1909, complainant published a newspaper advertisement declaring defendant company to be an infringer of complainant's device and also sent a direct notice to defendant to the same effect. In consequence of this it is testified that the defendant company was unable to proceed and it fulfilled its contract with Diedrich by giving him permission to use its shop and materials to finish the 200 uncompleted carriers and to manufacture the 300 more called for by his contract.

In December, 1909, Myers sold his stock to the other stockholders and thereafter had no connection with the company, and it is testified that the company neither manufactured nor sold carriers after the notice of infringement, except as stated above, and that its president and general manager notified complainants in February, 1910,

that the company was practically dead. In March, 1910, it is further testified, it sold its entire plant and all of its property except only the letters patent No. 942,735, that is, the patent for the second invention of Myers, since which time it has been out of business and without factory or office. It is also testified that in the latter part of 1909, after notice of infringement, it had decided not to manufacture any more carriers.

From this testimony the Circuit Court of Appeals deduced that clearly as to Myers, after December, 1909, and as to the defendant company, after March, 1910, at the latest, no infringement of complainant's rights had been committed or threatened.

We are unable to concur in the conclusion as to the company. It sold its plant in March, 1910, but it retained the patent under which prior alleged infringements had been practiced and justified, and the right to proceed under it is neither given up nor the intention to do so denied. Besides, in September, 1910, the company sued Boyer in the state court for the injury to its business by the advertisement of infringement published a year before, and in that suit the company made the following allegation: That it "is a corporation duly organized under the laws of the State of Indiana and is now and has been for more than five years last past engaged in the business of manufacturing hay cars." We cannot ascribe this to the inadvertence or improvidence of counsel, for which the company was not responsible, as an expression of its intention. It had infringed (we assume this for the sake of argument only), it retained the patent under which it asserted the right to infringe; there was injury inflicted, therefore, and the means retained of further infringement; a denial of complainant's right, and the assertion of a countervailing right submitted for legal judgment in the case under review and besides in an independent action. We must regard this conduct as a continuing menace, and we think

complainant had a right to arrest its execution and recover as well the profits of which it had been deprived, if any. The case, therefore, does not fall within the rules of the cases cited by the Circuit Court of Appeals and those cited by defendants. In other words, further infringement was in effect threatened and could be reasonably apprehended.

We have assumed that there was infringing done and threatened, and, of course, both assumptions are based on the validity and novelty of the device and that the defendant company's device—that is, the device of patent No. 942,735—is an unsubstantial variation of it. Whether the assumption is justified is yet to be decided and, in the first instance, should be decided by the Circuit Court of Appeals.

Its decree dismissing the case is reversed and the case is remanded for further proceedings in accordance with this opinion.

*Reversed.*