### SHERA et al. v. CARBON STEEL CO.

(District Court, S. D. West Virginia, at Charleston. February 24, 1917.)

1. CORPORATIONS ⊂⇒552—APPOINTMENT OF RECEIVER—WHEN AUTHORIZED.

A receiver should not be appointed for a corporation, thereby impairing its credit, interfering with its management, and imposing upon the court the onerous duty of corporate management, except in extreme cases.

2. INJUNCTION ⊂⇒11—GROUNDS—ABANDONMENT OF THREATENED ACTION.

An injunction in a suit by a stockholder to restrain the corporation from turning over its assets to another corporation will be denied, where the

plan of turning over the assets to such other corporation has been abandoned, and no action to that end can be taken without due notice to all the stockholders.

3. CORPORATIONS ☞189(12)—MISAPPROPRIATION OF FUNDS—PRIMA FACIE EVIDENCE.

Where a corporation with a capital of $5,000,000, and which was enjoying unusual prosperity, was paying only moderate dividends to its stockholders, the payment of large bonuses to its officers was prima facie evidence of a misappropriation of its funds, and prima facie illegal corporate action, though in strict conformity with the formalities required by law.

4. INJUNCTION ☞11—GROUNDS—ABANDONMENT OF THREATENED ACTION.

An injunction against the payment of such bonuses would not be denied merely because the president, on behalf of himself and other officers, filed a disclaimer, stating that such payments had not been made, and that they would not hold the company to the obligation to make them, unless acted upon at the end of the fiscal year by those authorized; this not being signed by any officer except the president, and being without consideration, and possibly nothing more than an expression of intention upon the part of the president, not legally binding as a waiver.

In Equity. Suit by George W. Shera and another against the Carbon Steel Company. Decree granting part of the relief sought.

Henry W. Runyon, of Jersey City, N. J., and Arthur S. Dayton, of Philippi, W. Va., for complainants.

Royal T. Riggs, of New York City, and H. V. Blaxter, of Pittsburg, Pa., for defendant.

WOODS, Circuit Judge. In a case of so much importance and interest, it is usually the duty of the court to take the papers and consider them carefully, in the light of the argument before coming to a conclusion. In this case, however, after the lucid arguments of counsel, I have no doubt as to what the decision ought to be. The motion to dismiss the bill and the motion to strike out the answer are denied.

[1] The application for the appointment of a receiver is denied for these reasons: The appointment of a receiver of any kind is a very severe blow to any corporation. It impairs its credit, interferes with its management, and it imposes upon the court the onerous duty of corporate management, which it is not qualified to perform, and which it should not undertake except in extreme cases.

Another reason for refusing the receivership is that all the relief which could be obtained by the appointment of a receiver may be obtained by amendment of the bill, making it a bill on behalf of the complainants and any other creditors who may desire to come in and contribute to the expense of the suit. That relief, however, will not be adequate, unless the complainants have access to the list of the stockholders of the corporation, so that they may have an opportunity to notify other creditors to come in. The denial of the motion is with this qualification: That the complainants may renew their motion for the appointment of a receiver upon due notice, unless (1) the defendant shall furnish the complainants or their counsel a list of the stockholders of the corporation and the number of shares held by each, within 15 days from the filing of the decree entered in accordance with this opinion; and (2) shall allow the complainants or their counsel upon

written request to examine the minutes of the corporation, in so far as they show the resolution of the board of directors voting the bonuses attacked in this proceeding, and that of the stockholders affirming the resolution.

[2] The injunction against turning over the assets of the corporation to another corporation will be denied, because the plan of turning over the assets to another corporation, which is set out with particularity in the bill, has been abandoned and made of no effect, and no action could be taken looking to that end without due notice to the complainants, and all other stockholders. If any action of that kind should be undertaken in the future, there will be abundant time and opportunity for the complainants to apply again for injunction to prevent it.

[3] The application for injunction against paying out the funds voted as a bonus to the officers for the year 1917 stands upon a different foundation. We have here a corporation of $5,000,000 capital, which from its earnings paid nothing more than a moderate dividend to its stockholders. It was such a dividend as the stockholders might reasonably expect in ordinary times from a prosperous corporation. By reason of fortunate circumstances the corporation had wonderful prosperity, and it appears from the bill that approximately $500,000 of the earnings of the corporation prior to January 1, 1917, profits of a contract with the English government for war munitions, was paid out to the officers and other employés of the corporation according to the discretion of the president, by virtue of the resolution of the directors and stockholders above referred to. It appears, further, that prior to September 30, 1916, the salary of the president was $6,000, the secretary $2,400, the treasurer $3,600, and the general sales agent $4,800. These salaries were increased at that date, so as to give the president $18,000, and large increases to the other officers.

The very large bonuses paid in lieu of salaries are complained of as a misappropriation of the funds of the corporation. The court does not hold, at this time, that this payment was a misappropriation; that will be a matter to be determined upon the final hearing of the case. It does hold, however, that payment of such large bonuses to the officers of a corporation paying only moderate dividends to its stockholders is prima facie evidence of a misappropriation of the funds, either from a misapprehension of what the rights of the corporation and its stockholders as against its officers were, or from a disregard of those rights. The whole transaction may be satisfactorily explained, and the corporation and its officers entirely exonerated at the final hearing. Prima facie, it was illegal corporate action. The fact that this action may have been taken in strict conformity with the formalities required by law does not overcome the inference of inequity against the minority stockholders.

[4] It is urged that the injunction should not be granted, because the president, on behalf of himself and the other officers of the company, by a disclaimer dated February 7th, stated:

"That no payments have been made to the officers under the resolution of October 27, 1916, which relates to profits made by the company after the termination of the contract with the English government for munitions, and during the year to come, 1917, will not hold the company to the obligation enter-

ed into by it, unless it is acted upon at the end of the fiscal year by those properly authorized."

I do not think this paper affords complete protection to the complainant stockholders for these reasons: First, it is not signed by any officer, except the president himself; second, it is without consideration; third, it is doubtful whether it can be regarded as anything more than an expression of intention upon the part of the president, not legally binding as a waiver of the stipulations of the contract upon his part.

To sum up: This order of injunction is based upon serious issues made by the pleadings as to the alleged misappropriation of the funds of the corporation, requiring investigation at the hands of a court of equity. But in making it the court expressly disclaims any intention to hold that there has been any fraudulent appropriation or intentional wrong committed by the officers of the corporation, or by the corporation in its corporate capacity. Those inquiries are to be determined upon the final hearing.

A decree will be entered in accordance with this opinion.

---

⬥⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes