## PUGET SOUND POWER & LIGHT CO. v. ASIA et al.

(District Court, W. D. Washington, N. D. April 1, 1921.)

No. 236.

**1. Pleading ⬤⥱8(2)—In civil action for conspiracy facts must be pleaded.**

To sustain a tort action for conspiracy to impair a contract, acts must be averred which show concurrence of fraud and damage, and must be set out with certainty and particularity and a mere allegation that defendants confederated and conspired to bring about a breach of the contract is without legal force.

**2. Conspiracy ⬤⥱18—A charge of conspiracy is not sustained by an allegation that defendants have brought suit in a court of competent jurisdiction.**

An allegation that defendants have brought a suit in a court of competent jurisdiction is of a lawful act, and has no tendency to support a charge of conspiracy.

In Equity. Suit by the Puget Sound Power & Light Company against S. B. Asia and others. On motion for preliminary injunction and motion by defendants to dismiss bill. Motion for injunction denied, and motion to dismiss granted.

See, also, 2 F.(2d) 485.

James B. Howe and Hugh A. Tait, both of Seattle, Wash., for plaintiff.

Chadwick, McMicken, Ramsey & Rupp, Tucker & Hyland, and Preston Thorgrimson & Turner, all of Seattle, Wash., for defendants.

NETERER, District Judge. This cause is before the court upon the motion of the plaintiff for a temporary injunction, and the motion of the defendants to dismiss. On the 12th of March, a decision was filed in this case on a prior application for temporary injunction in which the facts with relation to the contention of the plaintiff is more fully set out. That application was predicated upon cause No. 235 between the plaintiff and the city of Seattle for specific performance, and was to restrain these defendants from prosecuting the action in the state court which it was alleged involved a subject-matter of which this court had jurisdiction. That application was denied because the issues involved in the state court and in this court were separate and distinct, and the interest payment which it is charged it was sought to prevent was paid. The equitable arm of this court is sought as a matter of right resting in the plaintiff upon the facts appearing in the bill charging the defendants with conspiring to bring about a breach of contract between plaintiff and the city of Seattle. The sufficiency of the bill is challenged by the defendants.

[1] The bill of complaint, after setting out the contractual relations, says:

"The defendants have confederated and conspired together to bring about a breach of the contract between the city and the plaintiff. * * * They have instituted a suit against the city of Seattle and the treasurer and city comptroller of the city in the superior court of the state of Washington for King county, but have not joined this plaintiff as a party defendant. * * * Such suit is without the jurisdiction of such superior court because it is brought to set aside a judgment and decree rendered by the Supreme Court of the State of Washington in favor of this plaintiff and the city of Seattle, and against one Frank A. Twichell, plaintiff, and one C. E. Horton, intervener, representing all taxpayers of the city of Seattle. * * * The defendants are about to and will be made to defeat the jurisdiction of this court in such suit by joining this plaintiff as a defendant in the suit instituted by the defendants against the city of Seattle, * * * and it

is necessary for this court in order to protect its jurisdiction to grant a temporary injunction restraining the defendants. * * *"

And prays that the defendants be enjoined "from instituting suit against the plaintiff or taking any steps whatever against the plaintiff to prevent or interfere with the right of the plaintiff to collect the interest payable on the bonds hereinbefore mentioned, * * *" and upon determination they be permanently enjoined. No act is charged indicating malicious conduct or fraudulent acts, the resultant effect of which would mitigate against any rights of the plaintiff. The phrase "conspired and confederated" are impotent in a civil action, and to give potency facts must be set out which show malicious conduct. Simple conspiracy is not actionable. Hutchins v. Hutchins, 7 Hill (N. Y.) 104; Herron v. Hughes, 25 Cal. 556. Malice or unlawful or fraudulent act is the gist of the action, conspiracy being only matter of aggravation or inducement. Van Horn v. Van Horn, 52 N. J. Law, 284, 20 A. 485, 10 L. R. A. 184, and an allegation of conspiracy is not sufficient to sustain an action where no direct fraud is charged. McHenry v. Hazard, 45 Barb. (N. Y.) 657. The right of recovery is predicated upon wrong threatened or accomplished, and while the conspiracy may be charged and proved as a matter of aggravation, the recovery is upon the tort. Van Horn v. Van Horn, supra. To sustain a tort action, the outgrowth of conspiracy, to impair a contract, acts must be averred which show concurrence of fraud and damage (Herron v. Hughes, supra), and which if done by one party would constitute a cause of action (Sleeper v. Baker, 22 N. D. 386, 134 N. W. 716, Ann. Cas. 1914B, 1189). An action begun by one on the same allegations confessedly would not state a cause of action. Malice being the gravamen of the offense, it is not enough to say that the act of the defendants is malicious, but the matter of the grievance must be specially set forth to challenge the attention of the chancellor. Savile v. Roberts, supra. The charge must be specific, and acts upon which fraud is predicated must be set out with certainty and particularity. And where one maliciously interferes in a contract between two parties, and induces one to break that contract to the injury of the other, the party injured may maintain an action against the wrongdoer. Angle v. C., St. P., etc., Ry.,

151 U. S. 1, 14 S. Ct. 240, 38 L. Ed. 55. In this case upon which the plaintiff relies, malice, tortious acts, and injury are all present. The court at page 11 (14 S. Ct. 244) says:

"It bribes the trusted officers of the Portage Company to transfer the entire outstanding stock into its hands, or at least place it under its control."

Again:

"To prevent any action by the faithful officers of the Portage Company, it wrongfully obtains an injunction tying their hands."

Page 12 (14 S. Ct. 244):

"By false representations to the Legislature as to the facts of the case, it persuaded that body to revoke the grant to the Portage Company and bestow the lands upon itself."

Again:

"Without notice, without hearing, and by false allegations, it secured an injunction to stay the hands of the honest officers of the Portage Company. Such wrongful use of the powers and processes of the court cannot be recognized as among the legitimate means of contest and competition. It burdens the whole conduct of the Omaha Company with the curse of wrongdoing, and makes its interference with the affairs of the Portage Company a wrongful interference."

Page 15 (14 S. Ct. 244):

"As such sole stockholder, it used its powers to transfer the property of the Portage Company to itself, and its conduct all the way through was marked by wrongdoing."

[2] The only act charged against defendant is the bringing of an action in the state court, a court of competent jurisdiction. This was lawful. Fancying they had a grievance and claiming a right in themselves, they had a right to sue (Savile v. Roberts, 1 Ray. 374), and having a right to sue the law does not inquire into the motives (Clark v. Clapp, 14 R. I. 248; Robertson v. Montgomery B. B. Ass'n, 141 Ala. 348, 37 So. 388, 109 Am. St. Rep. 30, 3 Ann. Cas. 965).

A court will not presume that a court of competent jurisdiction will permit itself to be made the instrumentality through which an unlawful purpose may be accomplished. Robertson v. Montgomery B. B. Ass'n, supra; Dayton v. Relf, 34 Wis. 86; Schell v. Erie Ry. Co., 51 Barb. (N. Y.) 368; Wolfe v. Burke, 56 N. Y. 115.

As stated in the opinion filed the 12th of

March, the issue in the state court is the general fund, and can cast no cloud upon the title of plaintiffs' bonds drawn on the special fund. Thompson v. Emmett Irr. Dist., 227 F. 560, 142 C. C. A. 192, does not apply. Nor are we here concerned with relief equity will afford in the specific performance action; hence the cases cited have no application.[1] Goshen Mfg. Co. v. Myers, 242 U. S. 202, 37 S. Ct. 105, 61 L. Ed. 248, was a patent case. The patent being retained, the menace was open, even though manufacturing had ceased. Sears, Roebuck & Co. v. F. T. Com'n, 258 F. 307, 169 C. C. A. 323, 6 A. L. R. 358, was an unfair "method of competition" case and a federal trade commission order to desist from unfair practices in connection with sale of sugar, etc., was not improvidently issued because the methods had been discontinued. These cases are not authority on this issue. The defendants have not sued plaintiff, have not threatened to do so, and in open court state that it is not their purpose so to do.

From what was said in the opinion of March 12th, and herein, the motion for temporary injunction is denied, and the motion to dismiss granted.

---

[1] Cases cited by plaintiff: Sears, Roebuck & Co. v. F. T. Com'n, 258 F. 307, 169 C. C. A. 323, 6 A. L. R. 358; Goshen Mfg. Co. v. Myers Mfg. Co., 242 U. S. 202, 37 S. Ct. 105, 61 L. Ed. 248; Union Pac. R. v. Chi. Ry., 163 U. S. 564, 600, 16 S. Ct. 1173, 41 L. Ed. 265; Franklin Tel. Co. v. Harrison, 145 U. S. 459, 12 S. Ct. 900, 36 L. Ed. 776; Joy v. St. Louis, 138 U. S. 1, 11 S. Ct. 243, 34 L. Ed. 843; Southern Ry. Co. v. Franklin R. R. Co., 96 Va. 693, 32 S. E. 485, 44 L. R. A. 297; Peale v. Marian Coal Co. (C. C.) 190 F. 376, 388, 389; Texas Co. v. Central Fuel Co., 194 F. 1, 11, 13, 15, 17, 22, 114 C. C. A. 21; Great Lakes Co. v. Scranton Co., 239 F. 603, 152 C. C. A. 437; Montgomery Co. v. Montgomery Co. (D. C.) 219 F. 963; Camp v. Boyd, 229 U. S. 530, 551, 33 S. Ct. 785, 57 L. Ed. 1317; McGowan v. Parish, 237 U. S. 285, 296, 35 S. Ct. 543, 59 L. Ed. 955; Oelrichs v. Spain, 15 Wall. 211, 228, 21 L. Ed. 43; Simpkins, Suit in Equity, pages 22–26. Walla Walla v. Walla Walla Water Wks., 172 U. S. 1, 19, 19 S. Ct. 77, 43 L. Ed. 341; Tyler v. Savage, 143 U. S. 79, 12 S. Ct. 340, 36 L. Ed. 82; Kilbourn v. Sunderland, 130 U. S. 505, 9 S. Ct. 594, 32 L. Ed. 1005; Fredenberg v. Whitney (D. C.) 240 F. 819; Sec. 720, Rev. Stat. Jud. Code, 265; Texas & P. R. Co. v. Kuteman, 54 F. 547, 4 C. C. A. 503; Traction Co. v. Mining Co., 196 U. S. 245, 25 S. Ct. 251, 49 L. Ed. 462; Glucose Co. v. City of Chicago (C. C.) 138 F. 209; St. Louis, etc., R. R. v. McElvain (D. C.) 253 F. 123, 128, 9, 10, 35, 36; Thompson v. Emmett Irr. Dist., 227 F. 560, 142 C. C. A. 192; Vickrey v. Sioux City (C. C.) 104 F. 164; Tolman v. Board of Com'rs of Onslow County, 145 F. 753, 772, 76 C. C. A. 317.