### MOBILE GAS CO. v. PATTERSON et al.

(District Court, M. D. Alabama, N. D., at Montgomery. April 18, 1923.)

**Injunction ⚖➡163(5)—Defendant not entitled to dismissal of bill merely on desisting from act enjoined.**

Where suit to enjoin enforcement of an order of a state commission has been brought, bond given, injunction issued, liability for costs incurred, and the taking of testimony largely completed, defendants cannot obtain dismissal of the bill merely by revoking the order complained of, while retaining the power to reinstate it, and especially where, in case of such dismissal, complainant would be liable to third parties on its bond.

In Equity. Suit by the Mobile Gas Company against Andrew G. Patterson and others, individually and as members of the Alabama Public Service Commission. On motion to dismiss bill. Denied.

See, also, 288 Fed. 884.

Harry T. Smith & Caffey, of Mobile, Ala., for plaintiff.

Harwell G. Davis, Atty. Gen., and Hugh White, Asst. Atty. Gen., of Alabama, for defendants.

CLAYTON, District Judge. The defendants now move and petition the court to dismiss this suit on the ground that it has become a moot case by reason of the fact that the Alabama Public Service Commission has canceled and set aside its order of July 24, 1922, establishing the rate complained of in the original bill of complaint as being confiscatory. It is to be observed that in the petition and motion there is no disclaimer of the right of the commission to re-establish the rates complained of, and no method is suggested for the protection of the plaintiff against liability to its consumers upon its injunction bond, nor against the burden of costs necessarily incurred in obtaining the protection of the court.

Before dealing particularly with the question involved in the motion, it seems proper to say that the defendants, by their action in setting aside and canceling the rates complained of since the filing of the bill and the taking of the testimony in this case, have sought to avoid the issues involved in the plaintiff's complaint. The revocation of the order complained of after the case has been long proceeded with may have been a smart thing but "the poor renown of being smart" cannot be of any avail. The rescission of the order cannot be treated by the court as a proper method for meeting the issue. To grant this motion would be to allow the defendants in any case where a bill

has been brought, injunction bond given, liability for costs incurred, injunction issued, and the testimony taken in the cause under the direction of the court for many days—in short, the case proceeded with until practically all of the testimony for plaintiff has been adduced —to then obtain a dismissal of the bill simply by desisting from the act enjoined and at the same time retaining the power to repeat it. Such a result is not to be tolerated. U. S. v. Workingmen's Amalgamated Council (C. C.) 54 Fed. 994, 26 L. R. A. 158; Roberts v. City of Louisville, 92 Ky. 95, 17 S. W. 216, 13 L. R. A. 844; King v. Commonwealth, 194 Ky. 143, 238 S. W. 373, 22 A. L. R. 535; State v. Minneapolis & St. L. Ry. Co., 115 Minn. 116, 131 N. W. 1075; Kimball v. City of Cedar Rapids (C. C.) 100 Fed 802.

Let it be understood that what has been said is not to be considered as any reflection on the good intentions of the attorneys for the defendants in this case. It is not to be doubted that their conduct has been well within what they conceived to be their duty. I have meant to say that the order made by the commission cannot constitute a reason for the dismissal of this case. When a defendant, who has been enjoined from the commission of a wrong, becomes powerless to continue or repeat the wrong, and when the plaintiff can be subjected to no liability upon its injunction bond, or otherwise, for having asserted its rights and obtained such an injunction, the case becomes a moot case, and the court will not continue to devote the public time to a further consideration of an abstract question of law, which can no longer affect the rights of the parties; but, when a court of equity has once obtained jurisdiction for the prevention of a wrong, its jurisdiction to establish the rights of the plaintiff and to prevent the repetition of the wrong is not destroyed merely because the defendant may, under the influence of the injunction, desist from this perpetration, which it has the right to again undertake as soon as it is relieved from the restraining power of the injunction.

To hold that a bill in equity for an injunction should be dismissed as soon as the party enjoined ceases to persist in the wrong complained of, while he retains the power to repeat the wrong as soon as the injunction is disposed of, would effectively destroy the power of the court to grant any permanent relief in a matter of this kind. In this case, the defendants, acting as members of the Alabama Public Service Commission, have undertaken to compel the plaintiff to serve the public at a rate which is alleged to have been confiscatory, and they have proceeded in their effort to maintain their position until the plaintiff has been put to a very heavy expense in establishing its rights, and they have then undertaken, after the reference to the special master has proceeded for many days, to rid themselves of the restraining influence of the injunction issued in this cause by setting aside the order complained of, insisting that the case has thereby become a moot case. They still retain the power to reinstate the rate complained of as confiscatory as soon as they can free themselves of the restraint of the injunction. This court has already taken jurisdiction to prevent the enforcement of the confiscatory rate complained of, and its jurisdiction cannot be destroyed in this way.

Not only this, but the injunction was granted only upon the plain-

tiff's giving a bond in the sum of $50,000 for the protection of its consumers in the event that the injunction should be dissolved. These consumers were entitled to service upon the rates complained of if they were not confiscatory, and if the bill was dismissed, and the injunction dissolved, they could each recover the difference between the rate alleged to be confiscatory and that under which the company has continued to operate under the protection of the injunction which has been issued by this court. This right would be vested in the consumers, and the defendants have no power to deprive them of it by setting aside their order establishing the alleged confiscatory rate after their rights have attached. The court cannot, therefore, relinquish its jurisdiction to settle the question as to whether the rate was confiscatory or not by its final decree.

In the case of Wingert v. First National Bank, 223 U. S. 670, 32 Sup. Ct. 391, 56 L. Ed. 605, the Supreme Court of the United States said:

"No doubt after the filing of a bill for an injunction, defendants proceed at their peril, even though no injunction is issued, and if they go on to inflict an actionable wrong upon the plaintiff, they will not be allowed to defeat the jurisdiction of the court by their own act. In such a case the bill will be retained for the assessment of damages."

In the case of Oklahoma Operating Co. v. Love, 252 U. S. 331, 40 Sup. Ct. 338, 64 L. Ed. 596, the Supreme Court of the United States has issued an injunction prohibiting the enforcement of an order fixing a rate upon the theory that the order of the commission was void, for the reason that the state had provided no opportunity for a review in the courts of the claim of the plaintiff that the rate established was confiscatory. Pending this injunction the state statute was amended, so as to provide for a direct appeal to the state courts, and the point was made that there was therefore no longer any need for the injunction and the case was therefore moot. There the court said:

"But as plaintiff was obliged to resort to a federal court of equity for relief it ought to retain jurisdiction of the cause in order to make that relief as full and complete as the circumstances of the case and the nature of the proofs may require. The suit should therefore proceed for the purpose of determining whether the maximum rates fixed by the commission are, under present conditions, confiscatory. If they are found to be so, a permanent injunction should issue to restrain their enforcement, either by means of penalties or otherwise, as through an assertion by customers of alleged rights arising out of the commission's orders. * * * If upon final hearing the maximum rate fixed should be found not to be confiscatory, a permanent injunction should, nevertheless, issue to restrain * * * penalties accrued pendente lite, provided that it also be found that the plaintiff had reasonable ground to contest them as being confiscatory."

In the case of Kimball v. City of Cedar Rapids, supra, the court said:

"Since the granting of the order for the issuance of a temporary injunction, the 25-year period provided for in the ordinance of February 19, 1875, has expired, but this fact does not deprive the complainants of the right to invoke the judgment of the court for the protection of their rights during the period the ordinance was in force and the court is not required to dissolve the injunction or to dismiss the suit, simply because the limit of the express contract evidenced by the ordinance has been reached. It is settled by the decision of the Supreme Court in City Ry. Co. v. Citizens' St. R. Co., 166 U. S. 557, 17 Sup. Ct. 653, 41 L. Ed. 1114, that the jurisdiction of

the court if it existed when the bill was filed would not be impaired because the 25-year period had reached its termination since the bringing of the suit. The complainants may yet be entitled to protection to the rights that accrued to them during the life of the contract and for that purpose they are entitled to be finally heard in the case, and the bill as a whole cannot, therefore, be successfully attached by demurrer."

This court having taken jurisdiction to determine whether or not the rate of tariff established by the Alabama Public Service Commission, by its order of July 24, 1922, was valid and therefore enforceable by any consumer, or whether it was confiscatory and therefore void, cannot dismiss this bill and release the injunction merely because the Alabama Public Service Commission has now set aside its order establishing this rate, but must retain the bill for the protection of the plaintiff against liability to its customers upon its injunction bond and also for the purpose of preventing the Alabama Public Service Commission from again establishing a rate which in effect would produce the same results as that which is alleged to have been confiscatory, which, if this bill was dismissed, they would have the power to do.

Another consideration is pertinent. If it is true, as alleged in the bill, that the rate complained of is confiscatory, then the defendants have compelled the plaintiff to incur very heavy costs of court in the taking of voluminous testimony at the reference, in order to obtain protection against the alleged wrongs of the defendants, and it would hardly be just to compel the plaintiff to bear this expense, if it properly belongs upon the shoulders of the defendants, and it seems to be but just that this court should proceed to determine where this responsibility properly belongs.

The motion of defendants is denied.