STATE OF WEST VIRGINIA *v.* HELEN NAVY *et al.*

(No. 9184)

and

STATE OF WEST VIRGINIA *v.* ADA HALL *et al.*

(No. 9185)

Submitted October 14, 1941. Decided November 25, 1941.

*John T. Simms* and *Simms & Simms*, for appellants
Ada Hall et al.

*S. L. Flournoy*, for appellants Helen Navy et al.

*Clarence W. Meadows*, Attorney General, and *Kenneth
E. Hines*, Assistant Attorney General, for appellee.

KENNA, PRESIDENT:

These two proceedings were instituted in the name of
the State of West Virginia by the prosecuting attorney
of Kanawha County against the named defendants under
the provisions of article nine, chapter sixty-one, of the
Code. The object of the statute referred to is to provide
a method of preventing the use of premises for the pur-
poses of prostitution, therein defined to constitute a
nuisance, by injunction and to provide a method for col-

lecting penalties imposed upon the occupants and owners of places so used. Both the owners and tenants of the places described in the bills of complaint are made parties defendant, and, although owners filed separate and different answers to the bills of complaint which contain practically identical averments, by agreement the causes were submitted together in the circuit court and here.

Upon the filing of the bills of complaint on October 21, 1940, the circuit judge awarded temporary injunctions, including the "padlocking" of the building in each instance. The occupants of the buildings did not appear, but upon filing their answers denying the then use of the premises alleged in the bills of complaint and after proof taken, the owners moved to dissolve the temporary injunctions, and from the orders refusing to dissolve, this Court granted appeals.

The assigned grounds of error turn upon three queries: (1) Can injunctive relief be awarded pursuant to the provisions of article nine, chapter sixty-one of the Code in cases where there is no existing nuisance upon the filing of a bill of complaint? (2) Can a court of chancery proceeding thereunder prohibit the use of "places" as therein defined for all purposes by padlocking the buildings thereon located? (3) Is it not the duty of a chancellor in pure injunction cases under the statute upon the incoming of answers and the taking of proof denying the allegations of the bill of complaint to dissolve a temporary injunction order theretofore entered?

Dealing with the questions raised in reverse sequence, we are of the opinion that in all matters affecting a temporary injunction, the trial chancellor necessarily is vested with a broad discretion and that although the proof of a complaint should be clear and convincing, denials, without more, do not entitle the respondent to be relieved from the effect of a temporary injunction, provided that a clear preponderance of the evidence sustains the allegations of the bill of complaint. *Kessel* v. *Cohen,* 104 W. Va. 296, 140 S. E. 15. We do not agree with the position taken by counsel for the defendants to the effect that these proceedings "are not causes based upon general

principles of equity jurisdiction and procedure as in common law nuisances", but are to be confined to the express language of article nine of chapter sixty-one of the Code. Code, 61-9-4, contains the following language: "The bill of complaint and other pleadings, and all proceedings in the case, shall conform to the law of the State with respect to equity procedure and to the rules and principles governing courts of equity, except so far as otherwise herein provided."

As to the second question raised, we believe that the provisions of section six limit the effect of an order padlocking a building to one year, notwithstanding the provisions of section four to the effect that a temporary order shall be effective until the final decision of the case. The order awarding the temporary injunction was entered on the twenty-first day of October, 1940, and we think that, as limited by section six, the padlocking provision of the temporary injunction became ineffective one year thereafter, and consequently is not now before this Court for decision, both cases having been submitted here on October fourteenth.

Dealing with the first assignment of error and treating these proceedings as chancery causes brought for the purpose of abating nuisances in general to the extent that no provision of the statute precludes, nuisance being the term used in the statute to describe the premises proceeded against, we are of the opinion that the actual existence of a nuisance at the time of the entry of the chancery order is not essential. It is a fact that the tenants in each of the buildings involved, the proceedings being *in rem,* appeared in the Intermediate Court ten days before the injunction was awarded and pleaded guilty to a charge of conducting a house of prostitution. Thereafter, they each vacated the premises, one building remaining vacant beyond the date when the temporary injunction was awarded, the other being rented to a tenant of good repute.

A bawdy house is a public nuisance *per se* that may be abated by injunction, and, distinguishing the abatement of the nuisance from a procedure such as an order pad-

locking the building or otherwise affecting the owner's property rights, we are of the opinion, though recognizing a conflict, that the use of real property may be controlled by injunction even though the owner did not know of the existence of a nuisance thereon. It is matter founded upon public decency and morals, recognizing certain inescapable responsibilities which attach to the ownership of property, regardless of the location, to the discharge of which a tenant is to be regarded as the agent of his landlord. See *Holmes* v. *United States,* 50 App. D. C. 147, 269 Fed. 489, 12 A. L. R. 427, and note. Neither do we believe that the non-existence of the nuisance at the time of the entry of the injunction order is a tenable premise upon which to base dissolution See *Pennsylvania Co.* v. *Sun Co.,* 290 Pa. 404, 138 Atl. 909, 55 A. L. R. 873, and note. Threatened unlawful occurrences which will clearly cause irreparable injury are usually enjoined, the nature of the remedy being primarily preventive. The same is true of threatened nuisances, and we cannot attach importance to the defendants' position that the use of their buildings as open houses of prostitution having ceased within ten days before the effective date of the injunction establishes the fact that an injunction is unnecessary. See *Goshen Mfg. Co.* v. *Hubert A. Myers Mfg. Co.,* 242 U. S. 202, 37 S. Ct. 105, 61 L. Ed. 248, as to enjoining a nuisance which at the time of application has been discontinued. See also, the discussion in *Snyder* v. *Cabell,* 29 W. Va. 48, 1 S. E. 241. The proof shows without contradiction that both buildings have been subjected to that use for a number of years, and comparing the ten days shown by this record during which they were not so used with the so-used period robs the ten-day period of all weight as an effective showing.

For the foregoing reasons, the decrees appealed from are affirmed.

*Affirmed.*