**EBEL v. DRUM et al.**

No. 2290.

District Court, D. Massachusetts.

April 27, 1944.

Jacob Friedberg and J. C. Johnston, both of Boston, Mass., for plaintiff.

Edmund J. Brandon, U. S. Atty., of Boston, Mass., and John L. Burling, Atty. War Division, Department of Justice, of Washington, D. C., for defendants.

FORD, District Judge.

Although the caption of this motion is "Defendants' Motion for Permission to Adduce Additional Evidence", yet, in reality, it is a motion to reopen the case and to permit the defendants to file a supplemental answer together with the right to present additional evidence with respect to the proposed supplementary matter.

This case was entered in this court April 29, 1943, and a full trial was had on the merits on August 4, 1943. On September 20, 1943, this court handed down its opinion (52 F.Supp. 189) and ordered a decree in the plaintiff's favor. No decree has as yet been entered. The reason for the decree not being entered earlier, as far as this court has any knowledge, is due to the failure of the parties to agree upon its form because of a resurvey of the whole situation by the military authorities.

The original exclusion order involved was dated April 23, 1943 and this order prohibited the plaintiff's presence, subsequent to ten days following the date of service of the order, in any part of the "entire Eastern Military Area", as defined in Public Proclamation No. 1, dated May 16, 1942, Headquarters Eastern Defense Command and First Army. (See opinion, supra, for territory involved.)

On February 5, 1944, this original exclusion order was amended, though not up to date served, by the Commanding General of the Eastern Defense Command and the amended order provides that the plaintiff is excluded from named counties comprising a strip of territory along the Atlantic Seaboard rather than over the extensive Eastern Military Area. The area involved in the second order is far less extensive

188

than in the order of April 23, 1943, and would not, if effective, impose anywhere near the restraint on the plaintiff's liberty as the order of April 23, 1943.

■ The defendants ask to have their motion allowed under authority granted by Federal Rules of Civil Procedure rule, 15 (d), 28 U.S.C.A. following section 723c.[1] This section of Rule 15, with changes not material here, is an adaptation of former Equity Rule 34, 28 U.S.C.A. § 723 appendix.[2] Under Rule 15(d) as under former Equity Rule 34 leave must first be obtained from the court before the supplemental pleading can be filed and such an application is addressed to the discretion of the court.

■ Although most of the cases that have arisen under Equity Rule 34 involve a supplemental bill of complaint, yet, since that rule provided that "either party" could, upon approval by the court, file a supplemental *pleading* and Rule 15(d) provides that "upon motion of *a party* the court may" (italics mine) permit a supplemental *pleading* to be served, I have no doubt the court has the power to allow a defendant to file a supplemental answer, as well as a supplemental complaint under the provisions of Rule 15(d), although the rule does not in terms refer to answers. Cf. Rio Grande Dam & Irrigation Co. v. United States, 1909, 215 U.S. 266, 275, 30 S.Ct. 97, 54 L.Ed. 190; see Basevi v. Edward O'Toole Co., Inc., D.C., 1939, 26 F.Supp. 41. Cf. also, Williams v. Gibbes, 1857, 20 How. 535, 541, 15 L.Ed. 1013.

■ Although Rule 15(d) permits a supplemental answer to be served setting forth transactions and occurrences or events which have happened since the date of the answer sought to be supplemented, yet it is my opinion that it should only be allowed by the court when the matter to be set forth embraces other or further defense than the supplemental pleader set forth in his original answer *with respect to the cause of action* stated in the original complaint. That is the rule with respect to supplemental complaints. Where there is a good cause of action stated in the original bill, a supplemental bill setting up facts subsequently occurring which justify other or further relief with respect to the *same* subject matter of the controversy is proper. This method of procedure brings controversies up to date. City of Texarkana v. Arkansas, Louisiana Gas Co., 306 U.S. 188, 203, 620, 59 S.Ct. 448, 83 L.Ed. 598. So with a supplemental answer. If the supplemental matter in the answer, if proved, would give the pleader a more extensive defense with respect to the cause of action set out in the plaintiff's complaint, the court in its discretion should allow the motion. But where as here the supplemental pleading presents an entirely new cause of action and nothing in defense or justification of the original exclusion order, I do not believe the supplemental pleading should be allowed. There is presented here for inclusion in the defendants' answer a controversy of a substantially different nature, involving far different factual and legal considerations, whose only relation to the original cause of action is that an exclusion order is involved. See Minnesota Co. v. St. Paul Co., 73 U.S. 742, 746, 18 L.Ed. 856; Berssenbrugge et al. v. Luce Mfg. Co., D.C., 30 F.Supp. 101, 102. The order of February 5, 1944, is materially different from that of April 23, 1943, involved in the original complaint. No new or supplemental facts with respect to the issuance of the original exclusion order are sought to be alleged. The defendants expect to litigate a different case. The proposed amendment has the effect of forcing the plaintiff to amend his complaint against his will.

■ Further, I do not believe the case should be reopened where, as here, it has been fully tried and a decree ordered but

[1] "Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit him to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented. If the court deems it advisable that the adverse party plead thereto, it shall so order, specifying the time therefor."

[2] "Upon application of either party the court or judge, may, upon reasonable notice and such terms as are just, permit him to file and serve a supplemental pleading, alleging material facts occurring after his former pleading, or of which he was ignorant when it was made, including the judgment or decree of a competent court rendered after the commencement of the suit determining the matters in controversy or a part thereof.

not filed. The case as far as this court is concerned is ended except for the entry of a decree. Although I do not intimate in any way that the decision with respect to the first order would adjudicate any issue that may arise concerning the order of February 5, 1944, I believe the plaintiff should have the right to a final adjudication of the first order.

The first order was in full force, so far as the defendants could legally and constitutionally give it effect, at the time of the trial last August. The threat to exclude the plaintiff at that time from the Eastern Military Area was then present. That threat may recur.

In affidavit and brief, defendants readily concede that the amendment of their original order was merely due to the fact that "the military situation has now so changed that military necessity no longer requires the exclusion of the plaintiff from the entire eastern military area". They disclaim neither the right nor the intent to remove the plaintiff from the entire Eastern Military Area should conditions revert to the state prevailing at the date of the original exclusion order. It is true that the defendants have substantially modified their original order more than four and a half months after this court handed down its opinion with respect to that order; but that does not suffice to make moot what the defendants, by their own unilateral action, may again render controversial. Federal Trade Commission v. Goodyear Tire & Rubber Co., 304 U.S. 257, 260, 58 S.Ct. 863, 82 L.Ed. 1326; Goshen Mfg. Co. v. Hubert A. Myers Mfg. Co., 242 U.S. 202, 207, 208, 37 S.Ct. 105, 61 S.Ct. 248; United States v. Trans-Missouri Freight Ass'n, 166 U.S. 290, 308–310, 17 S.Ct. 540, 41 L.Ed. 1007; Walling v. Haile Gold Mines, Inc., 4 Cir., 136 F.2d 102; Yarnell v. Hillsborough Packing Co., 5 Cir., 70 F.2d 435, 438, 92 A.L.R. 1475; Vick Medicine Co. v. Vick Chemical Co., 5 Cir., 11 F.2d 33, 35; Mobile Gas Co. v. Patterson et al., D.C., 288 F. 890, 891; Shera et al. v. Carbon Steel Co., D.C., 245 F. 589, 592; United States v. Workingmen's Amalgamated Council of New Orleans et al., C.C., 54 F. 994, 995, 996, 26 L.R.A. 158; Securities and Exchange Commission v. Lawson, D.C., 24 F.Supp. 360, 365.

On the day the judgment was ordered a controversy was pending between the parties and this court found the plaintiff had a right to relief from it. There was nothing moot about the case that day and with the uncertainty of the future, there is nothing moot about the case with respect to the exclusion order of April 23, 1943. The plaintiff is entitled to the relief granted.

The defendants' motion is denied.