### GENERAL ELECTRIC CO. v. RE-NEW LAMP CO. et al.

(Circuit Court, D. Massachusetts. February 2, 1904.)

#### No. 1,664.

**1. TRADE-MARKS—INFRINGEMENT—RECONSTRUCTED ARTICLES.**

A concern engaged in buying burned out electric incandescent lamps and reconstructing the same is not entitled to resell them with the trade-mark of the original manufacturer therein, where it was affixed by the maker for legitimate trade-mark purposes, and in the process of reconstructing the lamps can be obliterated at a small cost.

**2. SAME.**

Evidence *held* not to establish the claim that complainant, a manufacturer of electric lamps, affixed its trade-mark to the inside of the stem for the purpose of enabling it to prevent others from remaking and reselling such lamps after they were burned out, but to show that such location was selected for legitimate trade-mark purposes.

In Equity. Suit for infringement of trade-mark. On final hearing. For former opinion, see 121 Fed. 164.

Richardson, Herrick & Neave, for complainant.

Jesse C. Ivy, for defendants.

BROWN, District Judge. This is a bill to enjoin the use by the defendants of the complainant's trade-mark "G.E." on electric lamps. The general character of the case is set forth in the opinion of this court on the petition for a preliminary injunction, reported in 121 Fed. 164. At that hearing it was the defendant's contention that the complainant had placed within the stem of an electric lamp a nonremovable label bearing the letters "G.E.," as a device to hinder the defendant in its business of repairing and renewing electric lamps; and that, under color of a claim for the protection of a trade-mark, the complainant was in reality seeking to destroy the defendants' business. Reserving any opinion on the merits of this contention, either in fact or in law, a preliminary injunction was denied, because of doubts whether the complainant's case was in substance an ordinary trade-mark case, and be-

cause of the novelty of the legal questions which would arise if the defendants should establish their contentions of fact. The defendants, by their answer, renew the contention that the letters "G.E." in the stems of the lamps are nonremovable, and were put in the stems, not as a trade-mark, but in pursuance of a scheme to prevent the remaking of the lamps.

Upon final hearing, I am of the opinion that the defendants have not established their contentions of fact. It is therefore unnecessary to consider the complainant's argument that the complainant's motive in locating its trade-mark within the inner stem of the lamp is immaterial; nor is it necessary to consider the scope of the legitimate uses of a trade-mark, nor the applications of the rule that a court of equity will not shut its eyes to the evident character of a transaction, or suffer itself to be used to effect an ulterior and unavowed purpose.

Upon the evidence, it must be held that the complainant's trade-mark, affixed to the inner stem of the lamp, is practically removable in the remaking of lamps, since it can be obliterated at an expense of 55 cents per thousand lamps, by applying to the exterior of the stem, and over the complainant's trade-mark, a small quantity of chemical paste. Since the bulb is opened in remaking, to insert new filaments, and to fasten the ends of the leading-in wire with carbon paste, the application of a similar paste for the obliteration of the trade-mark would seem an obvious expedient. While the defendants say that this method was discovered by them since the filing of the bill, yet the method is so simple, and was so readily available to common judgment and ordinary skill before the filing of the bill, that it must be held that, while the complainant's trade-mark was nonremovable in the ordinary use and sale of the lamps, it was not nonremovable, in any practical sense, in the remaking of lamps according to the defendants' method. To remove it, it was not necessary to make a "discovery," but to use ordinary and obvious means.

It also becomes very doubtful if the complainant's officers were in any degree influenced to adopt the peculiar location of the trade-mark because they thought it nonremovable in remaking. The complainant has shown good business reasons for applying its trade-mark "G.E." to some portions of an electric lamp. In doing this, it naturally adopted a practice so common that it could give rise to no reasonable inference of a scheme to attack the defendants' business. Its application to the inside of the inner stem might tend to support an inference that the location was chosen with the object of preventing removals in remaking; but the complainant shows, also, good business reasons for affixing the label to the interior of the stem. Indelible trade-marks had been etched on the glass of lamps of other makers. It was suggested by an agent of the complainant that, "from an advertising point of view, we have nothing so good as the ten or twelve million incandescent lamps that we distribute through the world annually, provided that it would be practicable to put some indelible trade-mark, and provided that our customers would not object." Etching was discussed, but considered more expensive. In the correspondence between employés of the complainant, there is no reference to the business of remaking lamps; on the contrary, this correspondence

is strong evidence that it was the real purpose of the complainant to affix an indelible trade-mark for the ordinary purposes of a trade-mark, and not, as the defendants allege, as a part of a scheme to attack its business of remaking lamps. It is also apparent that, with this indelible label in the stem, it will be impractical for vendors of lamps to acquire a reputation for themselves, based upon the merits of the complainant's manufacture; since, if they affix their own labels to complete lamps, the complainant's indelible labels will still remain to indicate their origin. In the former opinion it was said:

> "It may be that, upon a full investigation of the facts, it will appear that the complainant's use of its trade-mark in its present position is a natural use, growing out of ordinary business considerations. If that fact be established, the doubts as to the complainant's title to relief would probably disappear. The complainant could hardly be required to forego an appropriate and proper application of its trade-mark merely for the reason that incidental business complications might result to the defendants."

Upon full hearing, I am of the opinion that the complainant's use of its trade-mark in the stem of the lamp is a natural and proper use growing out of ordinary business considerations; that it did not, in fact, tend to destroy the defendants' business, or appreciably reduce their profits; and that there is no sufficient or substantial reason to justify an allegation that the complainant, either alone or in combination with others, did devise a scheme to attack the business of the defendants.

The defendants' contention that agreements between the complainant and 84 allied corporations in various cities are in restraint of trade and illegal, in my opinion, has no bearing whatever upon the question of the right of the complainant to protection for its trade-mark, and requires no discussion. Nor is there any merit in the defense that the complainant has been guilty of such improper practice in the use of its trade-mark as to bar it from invoking equitable relief. Assuming that it did renew or reconstruct lamps, and sell them to the trade without notice of this fact, there is no evidence of any imposition on the public, or that a lamp remade by the complainant was not, in every substantial respect, the same as a new lamp made by it. A "G.E." lamp remade by the defendants is not a "G.E." lamp, but a new construction. This question is dealt with in the former opinion. A "G.E." lamp remade by the complainant is a "G.E." lamp, since in remaking it becomes substantially a new "G.E." lamp. If of equal merit with the former, there is no imposition on the public in selling it as a "G.E." lamp. But neither this nor other points to the same general effect are of sufficient importance to require discussion. The case, upon the facts, becomes a simple one. The complainant has a valid trade-mark. The defendants, without legal justification, put forth lamps bearing this trade-mark. Though they did so without any intent to deceive, and have been honorable in intention and in their business methods, and, so far as appears, have caused no actual deception, yet the use of this trade-mark, in violation of its legal rights, entitles the complainant to an injunction.

A draft decree may be presented accordingly.