INGERSOLL et al. v. DOYLE et al.

(District Court, D. Massachusetts. December 21, 1917.)

No. 827.

1. TRADE-MARKS AND TRADE-NAMES ⬅61—INFRINGEMENT—ALTERATION OF TRADE-MARK ARTICLE.

The alteration by another of an article which is sold by the maker under a trade-mark and with his warranty makes it a new construction, the sale of which, with the trade-mark and warranty of the original maker still thereon, is an infringement of the trade-mark, even though it is marked to indicate the alterations, and by whom made.

2. COURTS ⬅263—JURISDICTION OF FEDERAL COURTS—SUIT FOR INFRINGEMENT OF TRADE-MARK.

In a suit in a federal court for infringement of trade-mark, where there is diversity of citizenship between the parties to give jurisdiction, the court may grant relief against the violation of common-law trade-mark rights, which do not depend on transactions in interstate or foreign commerce.

In Equity. Suit by Robert H. Ingersoll and others against Edward L. Doyle and others. On complainants' motion for preliminary injunction and defendants' motion to dismiss. Motion to dismiss denied. Motion for injunction granted.

Nathan Matthews and William G. Thompson, both of Boston, Mass., for plaintiffs.

Walter Pyne, of Lynn, Mass., for defendants.

DODGE, Circuit Judge. The defendants dispute neither the facts alleged in the bill nor those set forth in the plaintiffs' affidavits. All

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

said facts are admitted for the purposes of this hearing. Nor have the defendants contended that their dealings, as thus admitted, with watches of the plaintiffs' manufacture bearing the marks, containing the guaranty, and marketed in the boxes which the bill describes, do not violate the plaintiffs' exclusive rights in the registered mark "Ingersoll," as designating watches of their manufacture, and in the words "Midget" and "Radiolite," used in connection therewith as designating various grades of Ingersoll watches respectively.

[1] I consider it clear that no attempt to justify the defendants' doings above referred to could succeed. In effect, they are sales of watches under representations that the watches sold are made and guaranteed by the plaintiffs. But such representations are untrue. An Ingersoll watch of either grade referred to, or of any grade, after the defendants' additions thereto or alterations therein have been made, is no longer what its makers offer to the public as a guaranteed Ingersoll watch; it has become a new construction. General Electric, etc., Co. v. Re-New Lamp Co. (C. C.) 121 Fed. 164; Id. (C. C.) 128 Fed. 154; Searchlight Gas Co. v. Prest-O-Lite Co., 215 Fed. 692, 131 C. C. A. 626; Coca-Cola Co. v. Bennett, 238 Fed. 513, 151 C. C. A. 449.

Jurisdiction in this court appears, not only from the allegations that the plaintiffs own the above registered trade-mark, but also from the allegations showing diverse citizenship of the parties.

The defendants' motion to dismiss must be denied. The plaintiffs' right to an injunction is regarded as established.

The defendants have requested modifications in the decree submitted by the plaintiffs, according to which the defendants are enjoined—

"from selling or offering for sale or delivering to others for sale any watch as an Ingersoll watch, which, though originating in the complainants' factory, has been altered or added to so that it no longer is in its entirety the product of" the plaintiffs.

The defendants ask either the elimination of the above, or that, if retained, it be qualified by adding:

"Unless the defendants impress upon the dial of any such watch words plainly legible and plainly indicating that said watch has been altered and the particulars in which it has been altered by the defendants."

They also ask the insertion, after "from selling or offering for sale or delivering to others for sale," of the words "in interstate or foreign commerce."

As to the first request, if, as I think, the defendants violate the plaintiffs' exclusive rights when they market their altered watches as Ingersoll watches without indicating the fact of alteration thereon, they would still be violating the plaintiffs' exclusive rights if they marketed such watches as Ingersoll watches with the proposed indication thereon. They would still be marketing, as Ingersoll watches, watches not such in their entirety, but new constructions. The defendants do not stand as if they had rights of their own to market other watches as Ingersoll watches, and were bound only to distinguish their product from the plaintiffs'.

[2] As to the second request, the defendants violate, not only rights in a registered trade-mark, but also rights in common-law trade-marks, and are therefore trading unfairly as regards the plaintiff. Against such violations of their rights the plaintiffs, in a bill based on diverse citizenship, are entitled to relief.

The decree submitted by the plaintiffs may be entered, and an injunction may issue accordingly.