## CONTINENTAL VARNISH CO. v. ALABASTINE CO.

(Court of Appeals of District of Columbia. Submitted May 11, 1925. Decided June 1, 1925.)

No. 1737.

1. **Trade-marks and trade-names and unfair competition &#x2245;44—One using mark may oppose its registration by another, also using it on substantially similar product.**

One who has used the same mark on products substantially the same as those of another, also using such mark, may oppose registration of mark by the latter.

2. **Trade-marks and trade-names and unfair competition &#x2245;43—"Opaline" held not registerable as trade-mark for varnishes and finishes in nature of paint.**

"Opaline," as trade-mark for varnishes and finishes in nature of paint, *held* so aptly descriptive or suggestive of character or quality of such goods as to preclude registration in view of Trade-Mark Act 1905, § 5 (Comp. St. § 9490).

Appeal from Commissioner of Patents.

Application for registration of trademark by the Continental Varnish Company, opposed by the Alabastine Company. From a decree of the Commissioner of Patents, denying registration, applicant appeals. Affirmed.

W. L. Morris, of New York City, for appellant.

E. T. Fenwick and C. R. Allen, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. Appeal from a decision of the Patent Office in a trademark opposition proceeding denying appellant's application for the registration of the word "Opaline" as a trade-mark "for varnishes and finishes in the nature of a paint," on the ground that the word is descriptive.

[1, 2] The opposer applies the same mark on mixed paints which the tribunals of the Patent Office have found, and in that finding we concur, may be and have been used for substantially the same purpose as appellant's product. Opposer, therefore, is in a position to object to the registration of this word. The Standard Dictionary defines "opaline" as "pertaining to or possessing the qualities of the opal; * * * possessing the milky iridescence of the opal; opalescent." The following illustrative quotation is then given: "Sea and sky and meadow were taking a hundred opaline tints from

the reflection of the sunset. Prudence Palfrey Aldrich, p. 212" (1874).

Under section 5 of the Trade-Mark Act of 1905 (33 Stat. 724 [Comp. St. § 9490]), no mark is registerable, consisting "merely in words or devices which are descriptive of the goods with which they are used, *or of the character or quality of such goods.*" As we many times have ruled, the obvious purpose of this provision is to prevent a monopoly of words either aptly descriptive or aptly suggestive of the character or quality of the goods to which they are to be applied. Here there can be no doubt that, to the general public, the use of the word "Opaline," as applied to "varnishes and finishes in the nature of a paint," would signify the character or quality of such goods, and hence that the word is not registerable.

The decision is affirmed.

Affirmed.