16 F.Supp. 816 (1936)
CHAMPION SPARK PLUG CO.
v.
EMENER.
No. 5715.
District Court, E. D. Michigan, S. D.
July 17, 1936.
*817 *818 *819 *820 *821 *822 *823 *824 *825 *826 Wilber Owen, of Toledo, Ohio (Owen & Owen, of Toledo, Ohio, and W. E. Talcott, of Detroit, Mich., on the brief), for plaintiff.
S. Brooks Barron, of Detroit, Mich., for defendant.
MOINET, District Judge.
This matter is before the court on exceptions filed by the parties, respectively, to the report of the special master, in which report said master presents full and complete findings of fact and conclusions of law, and ample briefs were filed by counsel herein.
Plaintiff seeks injunction herein restraining defendant from infringing certain patents of plaintiff, covering the manufacture and sale of spark plugs; infringing the plaintiff's trade-mark, "Champion," identifying such spark plugs, as well as restraining unfair competition with said plaintiff.
Upon the first contention, the master found non infringement.
Upon the second contention, the master found that the defendant was guilty of unfair competition, and determined that plaintiff is entitled to relief as indicated in said report.
Upon the last contention, the master found that the defendant was guilty of infringement of trade-mark, and recommended relief as indicated in said report.
Upon the question of accounting, the master determined that from all of the facts presented it was uncertain as to whether the plaintiff could definitely and sufficiently establish definite and substantial injury from the acts of the defendant to justify the expense of an accounting and that the master was not satisfied that plaintiff had sustained the burden of showing its right to such accounting, no accounting was allowed.
After careful study of the facts presented herein, as well as the authorities set forth by the master, and after a careful consideration of the full and complete briefs filed by counsel herein, the court is firmly of the opinion that the master arrived at the correct conclusions upon such facts, and therefore, it is hereby ordered that such exceptions filed herein, respectively, are overruled, and the findings and conclusions of the master are hereby confirmed, and the report of such master is hereby adopted by the Court.
The question of costs remains. The plaintiff sought a speedy hearing, and at its request, the matter was referred to the master so that the questions involved could be expeditiously presented and determined; the master cites authority indicating that no costs should be allowed and that each party would bear their own costs. The court, after considering all of the facts herein, and the situation of the parties hereto, is of the opinion that no costs shall be allowed, and that each party is left to pay their own disbursements.
As to the item of $250, costs for services of the master, the court determines *827 from all of the facts and circumstances involved herein, and the situation of the parties hereto, that the plaintiff shall pay this sum.
Accordingly a decree may be settled herein, providing the relief indicated, and granting permanent injunction as indicated in the report of the special master.
Findings of fact and conclusions of law, under equity rule, may be prepared and presented to the court.