414

## CHAMPION SPARK PLUG CO. v. REICH.
### No. 2979.

District Court, W. D. Missouri, W. D.
July 16, 1940.

Arthur C. Brown, of Kansas City, Mo. (Wilber Owen, of Toledo, Ohio, of counsel), for plaintiff.

Charles H. Thompson and Johnson, Garnett & Quinn, all of Kansas City, Mo., for defendant.

REEVES, District Judge.

The question for decision is whether the defendant has so conducted its business as not to deceive the public with respect to its repaired spark plugs.

Heretofore, by memorandum opinion, it was held that the defendant was guilty of unfair competition and that the plaintiff was entitled to the relief sought by it. D. C., 24 F.Supp. 945. However, the defendant at once evinced a willingness to correct its methods and to conform to the views expressed in the memorandum opinion filed in the case.

A period of time was granted so that it might be determined whether the defendant was in fact in good faith endeavoring to conform to the law and to avoid impinging upon the rights of the plaintiff.

In the manufacture and sale of its spark plugs the plaintiff is protected by patents but these do not prevent the defendant from acquiring used, discarded and abandoned spark plugs and repairing them so as to give them another period of useful life.

As heretofore held, the defendant would have no right to do that, if in doing so the public was deceived ·and the repaired spark plugs palmed off on it, either as original or of the same qualities of the original as manufactured by the plaintiff.

Many affidavits have been furnished by both parties. While these affidavits in-

dicate indiscretions on the part of persons dealing in spark plugs of both the litigants, nevertheless there is no act of either party which might be ascribed as authorized, so as to be binding upon either one of them.

 The several matters complained about may be mentioned as follows:

1. Affidavits filed by plaintiff indicated that the quality of the repaired spark plugs, as well as their construction, had been misrepresented by salesmen for the defendant. This may have been wrong but is not within the issues in this case. It did not appear that by such misrepresentations the defendant was deceiving the public as to whether the devices in question were the products of the plaintiff.

2. In one of the affidavits it was indicated that the repaired spark plugs might infringe upon the patents of the plaintiff. This was a mere suggestion, but it should be here stated that the defendant would have no right to repair its plugs in such manner as to bring his product in conflict with the monopoly of the plaintiff.

3. No fault can be found with statements made by plaintiff's agents to the effect that the plaintiff claimed that even now the defendant had no right to repair and sell its spark plugs. It would have a right to make this contention until final decree of the appellate courts, and, of course, even then, if it is successful.

4. The plaintiff has submitted request for findings of fact. If findings of fact had not been made when the first memorandum opinion was filed, then these should be given, save only as to numbers 21 and 22.

The only question now is whether the defendant is guilty of such conduct, since the memorandum opinion heretofore mentioned, as to entitle plaintiff to an injunction.

The requests made by defendant should not be given. The proposed decree submitted by both parties contain findings of fact, as well as conclusions of law. They should not be entered in the present form.

The plaintiff has asked for a statement of conclusions of law and these appear to be proper, except as to numbers 5, 6, 11 and 12.

It is my conclusion that plaintiff is entitled to a decree as prayed in its bill of complaint, but it is not entitled to an injunction, in view of the present attitude of the defendant. This means that the plaintiff is entitled to a decree upholding its patents and for costs and damages for infringements or unfair competition.

Therefore, the plaintiff should supply a proposed decree in conformity with its petition and this memorandum opinion, as well as an appropriate recital as to the reason why the injunction should not issue, in view of the defendant's disposition to conform to the ruling of the Court and to refrain from selling its repaired spark plugs in such a way as to deceive the public.

If the parties will prepare proposed findings of fact and conclusions of law as herein indicated and submit a simple decree, without embodying facts or conclusions of law therein, the case can be disposed of at an early date, so that either or both may take steps to appeal, if either or both feel aggrieved at the decree.