## ELECTRIC VACUUM CLEANER CO., Inc., v. GREEN.

### Civil Action No. 20161.

District Court, N. D. Ohio, E. D.
Sept. 12, 1941.

John F. Oberlin, of Oberlin, Limbach & Day, and L. C. Spieth, of Spieth, Spring, Taggart & Annat, all of Cleveland, Ohio, for plaintiff.

Merritt A. Vickery and Hugh McNamee, both of Cleveland, Ohio, for defendant.

WILKIN, District Judge.

This is an action for patent and trade-mark infringement. The plaintiff, who is a manufacturer of vacuum cleaners, alleges that the defendant has re-assembled parts of the plaintiff's cleaner and reconstructed and sold vacuum cleaners and parts in violation of the plaintiff's patents and trade-marks. There is not much dispute about the facts. The questions raised are mainly issues of law.

■ The court finds that the defendant has no right to reconstruct vacuum cleaners and sell them equipped with dust bags bearing the plaintiff's registered trade-marks "Premier" or "Premier Duplex" or with name or cover plates bearing such trade-marks. Nor has the defendant the right to sell dust bags and name plates bearing plaintiff's registered trade-marks to others engaged in reconstructing vacuum cleaners.

General Elec. Co. v. Re-New Lamp Co. et al., C.C., 128 F. 154; Prest-O-Lite Co. v. Avery Lighting Co., C.C., 161 F. 648; Ingersoll et al. v. Doyle et al., D.C., 247 F. 620; Coty v. Prestonettes, Inc., 2 Cir., 285 F. 501; Champion Spark Plug Co. v. Emener, D.C., 16 F.Supp. 816; Champion Spark Plug Co. v. Reich, D.C., 24 F.Supp. 945; De Kuyper v. Witteman, C.C., 23 F. 871; Hennessy v. Herrmann et al., C.C., 89 F. 669.

■ The right of the owner of a patented machine to repair it and the right to sell it are recognized in the law. Automotive Parts Co. v. Wisconsin Axle Co., 6 Cir., 81 F.2d 125. But they are limited rights and do not permit the rebuilding or reconstructing of patented machines or the replacement of patented parts without permission from the patentee, nor the rebuilding or reconstructing of unpatented machines or the replacing of unpatented parts and the sale of the same in disregard of the original maker's trade-mark rights. If the right to repair and the right to sell were extended to cover reconstructed machines rebuilt or repaired with parts bearing the original maker's trade-mark, it would not only violate the rights of the trade-mark owner but would tend to defraud the public.

■ The defendant offered convincing testimony that some of the swivel casters and rotary floor brushes sold by defendant had been acquired from authorized dealers or agents of the plaintiff; but such casters and brushes were only a small part of the total number sold by the defendant. The defendant had an implied license to resell such parts as he acquired from authorized agents. In the absence of proof of an express or implied license, the defendant's sale of the plaintiff's patented products or products covered by trade-mark must be held to have been in violation of plaintiff's rights. As to the greater part of the casters and brushes sold by the defendant during the period from January 8, 1934, to the commencement of this action, he has failed to prove from what source he obtained them.

■ The defendant offered evidence that he had acquired a quantity of brushes which had been discarded by the plaintiff as scrap. The court finds that the defendant had no right to recondition such scrapped parts and use them in cleaners which he sold as "reclaimed". Tindel-Morris Co. v. Chester Forging & Engineering Co., C.C., 163 F. 304; Cotton Tie Co. v. Simmons, 106 U.S. 89, 1 S.Ct. 52, 27 L.Ed. 79; Wortendyke v. White, Fed.Cas., No. 18,050, 2 Ban.&A. 25.

564

The evidence supported generally the allegations of the complaint, and the court finds that plaintiff is entitled to the relief prayed for. The plaintiff is entitled to an order enjoining the defendant from further violation of its patent and trade-mark rights and to an order for an accounting as to all the rear swivel casters and rotary floor brushes covered respectively by plaintiff's patents Nos. 1,510,300 and 1,755,054 which defendant has sold, except such parts as the record discloses or as the defendant may hereafter show to have been obtained from sources authorized by the plaintiff.

The following are the court's findings of fact and conclusions of law:

### Findings of Fact.

1. Plaintiff, Electric Vacuum Cleaner Co., Inc., is a corporation duly organized and existing under and by virtue of the laws of the State of New York, having its principal office and regular and established place of business at Cleveland, Cuyahoga County, Ohio.

2. The defendant, Samuel Green, d. b. a. Green Vacuum Cleaner Company, not incorporated, is a citizen of Ohio, residing at Cleveland in said State, and has his principal office and regular and established place of business at Cleveland, Cuyahoga County, Ohio, in the Eastern Division of the Northern District of Ohio.

3. Plaintiff company was formed in about 1919 to take over the former Frantz Premier Company, which was formed around 1909, and the name Premier has been a trade mark of plaintiff and of its predecessor company since 1909, said trade name being generally applied to products which the plaintiff sells directly to the trade, as shown by the cleaner bag in evidence (Plaintiff's Exhibit 7) and by the name plate (Plaintiff's Exhibit 8) as well as in advertising and in catalogs.

4. Plaintiff is a manufacturer of portable vacuum cleaners and parts thereof, and is the largest such manufacturer in this country, and its sales thereof extend all over the United States under the registered trade marks Premier and Premier Duplex.

5. For a number of years preceding the filing of this action, it has been the policy of plaintiff not to sell parts of the vacuum cleaners to wholesalers who issue catalogs offering Premier parts for resale to other dealers unless that dealer confines his business on Premier parts to genuine parts purchased from plaintiff; and, in particular, not to sell bags, nameplates or motor plates to any dealer engaged in rebuilding trade-in or junk cleaners.

6. At and prior to the commencement of this suit plaintiff was the owner of United States Letters Patent No. 1,510,300, granted to it as assignee of Otto Brintzenhofe under date of September 30, 1924, for improvements in Swivel Caster.

7. At and prior to the commencement of this suit plaintiff was the owner of United States Letters Patent No. 1,754,054 granted to it as assignee of James M. Darst, for improvements in Vacuum Cleaner Brush Bearings.

8. At and prior to the commencement of this suit plaintiff was the owner of the trade mark Premier as a trade mark for vacuum cleaners, together with the good will of the business in which such trade mark has been used by plaintiff and its predecessor, and plaintiff was the owner of Certificate of Registration No. 85766 granted to said predecessor under date of March 12, 1912, said registration having been duly renewed for a further term which does not expire until March 12, 1952.

9. At and prior to the commencement of this suit plaintiff was the owner of the trade mark Premier Duplex as a trade mark for vacuum cleaners and parts thereof, together with the good will of the business in which such trade mark has been used by plaintiff, and plaintiff was the owner of Certificate of Registration No. 162,244 granted to it under date of December 12, 1922, the term of which does not expire until December 12, 1942.

10. Plaintiff has regularly fixed to its vacuum cleaners, wherein are incorporated the aforesaid improvements in swivel casters and vacuum cleaner brush bearings, a label containing notice as to its aforesaid patents, as provided by statute, but claims no patent on the vacuum cleaner as such. No notice appears on the separate parts. Exhibits 5 and 6.

11. Defendant has been engaged for the past ten or eleven years in the business of rebuilding vacuum cleaners and selling parts of the same not only in the territory immediately surrounding Cleveland, but in other States, as far west as Los Angeles, and San Francisco, and as far south as Texas. Defendant is not an accredited or franchised Premier dealer.

12. In the conduct of his business, defendant, in order to show his products and

bring them to the attention of prospective purchasers, has issued successively the several catalogs in evidence as Plaintiff's Exhibits 9, 10, and 11.

13. In the aforesaid catalogs, defendant indicates the two lines of business in which he is engaged, viz., that of reconditioning or selling reconditioned or reconstructed vacuum cleaners listed under the heading "Vacuum Cleaners", and individual parts listed under "Vacuum Cleaner Parts" to customers engaged in the reconstruction or rebuilding of cleaners.

14. In the list of reconstructed vacuum cleaners which defendant handles are Premier Duplex—Master Model and Premier Duplex—53, and in the aforesaid catalog, Exhibit 11, these items are listed adjacent an illustration of a Premier Duplex cleaner equipped with a bag which carries the trade name Premier Duplex imprinted thereon.

15. In the list of parts which defendant handles are parts for Premier, Frantz Premier, and New Premier vacuum cleaners, and among said parts thus listed in said catalog, Exhibit 11, is a nameplate, Item 55–A, intended for cleaners manufactured by plaintiff, which part is illustrated in said catalog bearing plaintiff's trade name Premier. This plate serves also as a cover plate.

16. When defendant rebuilds or reconstructs one of plaintiff's vacuum cleaners, any of its models, he has no label bearing the name Green or Green Vacuum Cleaner Company, that he puts thereon, and he has never used such a label of his own, although when vacuum cleaners of plaintiff's manufacture are thus reconstructed and rebuilt they may have incorporated a number of new parts (plaintiff's) and particularly a new bag bearing one of plaintiff's trade marks, and on occasion a new nameplate bearing one of plaintiff's trade marks. They are sold as "rebuilt" cleaners.

17. Defendant has also offered for sale and sold new bags bearing one of plaintiff's trade marks and new nameplates bearing one of plaintiff's trade marks to others who engage in reconstructing and rebuilding plaintiff's vacuum cleaners.

18. Included among parts for vacuum cleaners of plaintiff's manufacture listed in defendant's catalog and sold by defendant in large quantities, in addition to Premier Duplex dust bags and nameplates, are Rear Caster Assemblies and Brackets like Plaintiff's Exhibit 6, and Floor Brushes Complete with Bearings, as illustrated in Plaintiff's Exhibit 5.

19. Among such Floor Brushes Complete with Bearings offered for sale and sold by defendant, were some which had been thrown out by plaintiff and sold to the junkman, and which defendant reclaimed. These were brushes that had never been used in a vacuum cleaner sold by the plaintiff company, but had been discarded and sold only as scrap parts.

20. Defendant has also obtained a limited number of genuine rear caster swivels and rotary floor brushes manufactured by plaintiff which defendant has offered for sale or sold, but the identified sources from which he acquired such parts are not the only sources and the parts obtained from such identified sources for repair of Premier vacuum cleaners do not constitute all the parts that he claims to have secured during that period, but only a small part of them.

### Conclusions of Law.

1. This cause arises under the patent and trade mark laws of the United States and this court has jurisdiction of the parties and the subject matter thereof.

2. Plaintiff is, and has been since the granting of Britzenhofe patent No. 1,510,300 and Darst patent No. 1,755,054, the owner of said Letters Patent, respectively.

3. Each of the aforesaid Letters Patent with respect to all the claims thereof is good and valid in law.

4. Plaintiff is and has been since prior to the bringing of this suit, the owner of the trade marks Premier and Premier Duplex, together with the good will of the business in which said trade marks have been used, and is and has been since prior to the filing of this suit the owner of Certificates of Registration of said trade marks, respectively, Nos. 85766 and 162,244, both of which registrations are still in full force and effect.

5. Defendant has offered for sale and sold swivel casters as exemplified by Plaintiff's Exhibit 6, in infringement of said patent No. 1,510,300.

6. Defendant has offered for sale and sold vacuum cleaner brushes with bearings as exemplified by Plaintiff's Exhibit 5, in infringement of said patent No. 1,755,054.

7. Defendant has offered for sale and sold reconditioned or reconstructed vac-

uum cleaners using plaintiff's trade marks Premier and Premier Duplex in violation of plaintiff's rights in the premises, and in so doing has also infringed plaintiff's aforesaid trade mark registrations Nos. 85766 and 162,244.

8. Defendant has offered for sale and sold vacuum cleaner parts and specifically dust bags, as exemplified by Plaintiff's Exhibit 7, and name or cover plates as exemplified by Plaintiff's Exhibit 8 bearing plaintiff's trade marks Premier and Premier Duplex in violation of plaintiff's rights in the premises, and in so doing has also infringed plaintiff's aforesaid registrations Nos. 85766 and 162,244.

9. Defendant has infringed plaintiff's rights in its registered trade marks by using the same for defendant's advertising purposes without license from plaintiff.

10. Plaintiff is entitled to an injunction and an accounting with reference to such reconditioned or reconstructed vacuum cleaners, swivel casters, and rotary floor brushes as have been held to infringe plaintiff's patents, and with reference to such reconditioned or reconstructed vacuum cleaners and such parts of vacuum cleaners as have been held to infringe plaintiff's trade marks and trade mark registrations, and with reference to defendant's use in his advertising of plaintiff's registered trade marks.