## CHAMPION SPARK PLUG CO. v. REICH.
### No. 2979.

District Court, W. D. Missouri, W. D.
March 12, 1943.

Wilber Owen (of Owen & Owen), of Toledo, Ohio, and Arthur C. Brown and

Claude A. Fishburn, both of Kansas City, Mo., for plaintiff.

Johnson & Garnett and Charles H. Thompson, all of Kansas City, Mo., for defendant.

REEVES, District Judge.

The defendant has filed exceptions to the special master's report and recommendations. When the case was argued on such exceptions the parties were granted ten days to file briefs in support of their several contentions.

Under date of February 11, 1943, defendant's counsel submitted a letter in lieu of brief, wherein it is stoutly contended that the plaintiff is not entitled to an accounting of profits under the peculiar facts of the case. In support of this contention the case of Champion Spark Plug Co. v. Emener, D.C., 16 F.Supp. 816, is cited.

The plaintiff has filed a brief covering the several points raised by the defendant in his formal exceptions.

The special master's report has been carefully examined in the light of the exceptions. References to pertinent facts have been made.

1. The contention made by the defendant by letter dated February 11, 1943, is untenable in view of the proceedings heretofore had. By memorandum opinion dated July 16, 1940, this court said: "It is my conclusion that plaintiff is entitled to a decree as prayed in its bill of complaint, *but it is not entitled to an injunction, in view of the present attitude of the defendant*. This means that the plaintiff is entitled to a decree upholding its patents and for costs and damages for infringements or unfair competition." 34 F.Supp. 414, 415.

A decree was accordingly entered. The plaintiff appealed from that portion of the decree denying an injunction. The remainder of the decree became final. The Court of Appeals reversed the ruling only on the injunction but in all other respects expressed approval of the decree. 8 Cir., 121 F.2d 769. The court at this time would have no right to set aside the definite findings heretofore made and the judgment which has long since become final and conclusive on the parties. Moreover, the original opinion pointed out that the defendant had clearly and intentionally infringed plaintiff's trademark. This makes inapplicable Champion Spark Plug Co. v. Emener, supra.

The defendant acknowledged that the finding was correct and evinced a disposition to conform to the ruling of the court. He did this in order to avoid an injunction. Believing that the defendant had made his operations conform to the law an injunction was denied. The Court of Appeals held that the defendant, even after he had readjusted his operations, was still short of meeting the requirements of law.

The accounting of profits covered the whole period, including the operations after injunction was denied. When the injunction was denied by the trial court the defendant understood that the plaintiff was not satisfied with the ruling and that an appeal would be and was taken therefrom. From that time forward he operated his business at his peril and could not have acted in good faith. He cannot complain, therefore, that the period of an accounting covers his operations both before the decision and subsequently thereto.

It is clear that the plaintiff is entitled to an accounting upon the facts in the case aside from the circumstance that the decree heretofore entered provided for it and such decree has long been binding and conclusive upon the parties.

The report of the special master is a model for marshalling the facts and for logical analysis of the same. Appropriate citation of authorities precisely applicable to the questions involved was made by him. On the factual questions raised by the defendant the special master was well supported by the evidence. In like manner, decisions made by the master on points of law were sustained by reference to apposite cases.

In the argument many of the exceptions were abandoned by counsel and in the letter of February 11th all were abandoned save only the matter of the right to an accounting. This has been covered in this discussion. A careful examination of the records shows the special master's report to be correct. It follows that same should be in all things confirmed and the exceptions filed should be overruled.