**STEWART PAINT MFG. CO.**, a corporation, Plaintiff,

v.

**UNITED HARDWARE DISTRIBUTING CO.**, a corporation, Defendant.

Civ. No. 5307.

United States District Court
D. Minnesota, Fourth Division.

June 14, 1956.

Arthur S. Caine, Minneapolis, Minn., for plaintiff.

Faegre & Benson, Mineapolis, Minn., by Wright W. Brooks, Minneapolis, Minn., for defendant.

DEVITT, District Judge.

Plaintiff brings suit for an injunction against defendant, alleging trademark infringement and unfair competition. Both parties are Minnesota corporations.

Plaintiff is engaged in the manufacture and sale of paints, enamels and varnishes which it sells under its own label. Defendant is a corporation engaged in buying hardware and paints at wholesale for 251 retail dealers who are stockholders of defendant.

In 1952 Stewart and United entered into an oral agreement whereby Stewart agreed to furnish United a line of paints which were to be sold through United's retail stores under the private label of "Hank's Paints." At the suggestion of officers of the Stewart company the colors of Hank's Paint were made identical to the color line of Stewart's paint. The color numbering system used by Stewart for its various hues of paint was adopted by United for "Hank's Paint" with the addition of the digit "1" inserted before Hank's color numbers.

Since 1926 the words "Flint Top" have been used by Stewart as a trademark for its best line of paints, enamels and varnishes for the home. This trademark was registered. By suggestion of someone in the Stewart organization, United used the name "Agate Top" on some of its paints.

In December of 1954 the contract was terminated when United refused to pay certain proposed price increases, and United began to buy its paint from another manufacturer. United has continued to use some of the same colors, color names and color numbers as it did when it purchased its paint from Stewart.

Plaintiff alleges trademark infringement and unfair competition on the part of the defendant in three particulars: (1) that the defendant is using the term "Agate Top" in the sale and distribution of its paint which is deceptively similar to plaintiff's registered trademark "Flint Top", (2) that defendant is using a similar numbering system for its line of paints as is used by plaintiff, and (3) that the defendant is using exactly the same set of colors and color names as plaintiff in the sale and distribution of some of its paints.

I have read the briefs, considered all of the evidence and pertinent law, and conclude that plaintiff is not entitled to the relief requested because there is no present trademark infringement and no substantial evidence of any deceitful or improper conduct constituting unfair competition on the part of defendant.

In so far as the alleged trademark infringement is concerned, it appears quite clearly from the evidence that defendant no longer uses the term "Agate Top" in the distribution of its Hank's Paints. Plaintiff was informed by defendant of the discontinuance of the use of this term either before or shortly after the lawsuit was commenced. And it is clear to me that defendant does not intend to continue the use of the term "Agate Top." Hence, there is no basis for present relief by injunction. Industrial Association of San Francisco v. United States, 268 U.S. 64, 45 S.Ct. 403, 69 L.Ed. 849; Champion Spark Plug

Co. v. Reich, 8 Cir., 1941, 121 F.2d 769, certiorari denied 314 U.S. 669, 62 S.Ct. 130, 86 L.Ed. 535.

■■ In view of the fact that I find there is no trademark infringement, it is very doubtful, under the jurisdiction statute and under the decided cases, whether a federal court may proceed to a determination of an unfair competition issue. Unfair competition jurisdiction must be based on a joined "substantial and related claim" under the trademark laws. 28 U.S.C.A. § 1338. American Auto Ass'n v. Spiegel, 2 Cir., 205 F.2d 771, certiorari denied 346 U.S. 887, 74 S.Ct. 138, 98 L.Ed. 391; L'Aiglon Apparel, Inc., v. Lana Lobell, Inc., 3 Cir., 214 F.2d 649; Pure Foods, Inc., v. Minute Maid Corp., 5 Cir., 214 F.2d 792, 796, certiorari denied 348 U.S. 888, 75 S.Ct. 208, 99 L.Ed. 697; Old Reading Brewery v. Lebanon Valley Brewing Co., D.C.M.D. Pa., 102 F.Supp. 434. These cases hold that unfair competition standing alone is not a federal cause of action, and the Lanham Trade-Mark Act, 15 U.S.C.A. §§ 1051–1127, does not create a federal law of unfair competition. The Ninth Circuit has held otherwise. See Stauffer v. Exley, 9 Cir., 184 F.2d 962; Pagliero v. Wallace China Co., 9 Cir., 198 F.2d 339. This is a minority view. Both of the parties to this lawsuit are residents of Minnesota, and hence the unfair competition action standing alone cannot qualify for federal court jurisdiction on the basis of diversity.

■ Be that as it may, and assuming jurisdictional requisites to exist, the evidence does not show that the use by defendant of a similar numbering system for some paint lines and the use of similar colors and color names, all of which were originally suggested for use by plaintiff without restriction or limitation when the original contract was made between plaintiff and defendant, was or is deceitful, misleading or improper conduct.

The Court of Appeals said in Sears, Roebuck & Co. v. Elliott Varnish Co., 7 Cir., 232 F. 588, 590, certiorari denied 242 U.S. 635, 37 S.Ct. 19, 61 L.Ed. 539, that:

"The essence of unfair competition consists in the sale of the goods of one manufacturer or vendor for those of another."

Defendant did not palm off Hank's Paints for Stewart's paints. Its sole purpose was to sell Hank's Paints under its own label and only to its own member-stockholders. When plaintiff made paint for defendant for sale under the Hank label, the use of the same color plan, color names, and numbering system was not thought inimical to plaintiff's regular business. Presumably, the public and plaintiff's regular customers did not know that Stewart was manufacturing the same paint for sale under the Hank label. Since Hank's paints were sold under a distinctive label, no confusion or unfair competition resulted. The situation is the same now except that the defendant secures its paint from another manufacturer. The same distinctive label is used, the "Agate Top" name is no longer employed, and a much smaller number of similar hues, color names and numbers appears in the present Hank's line.

■ An examination of the paint can labels or the color charts would readily disclose to any potential purchaser that he was buying Hank's paint and not Stewart's paint. This is enough to discharge defendant's duty to the public and to his competitors. Allen B. Wrisley Co. v. Iowa Soap Co., 8 Cir., 122 F. 796.

■ I conclude that the evidence does not show that this defendant practiced any deceit by "palming off" or otherwise upon the plaintiff. Where there is no deceit, there is no unfair competition. Winston & Newell Co. v. Piggly Wiggly Northwest, Inc., 221 Minn. 287, 22 N.W. 2d 11.

There was some evidence to show that several storekeepers who handled both Stewart and Hank's paint made statements to "shoppers" to the effect that Stewart's and Hank's paints of a certain color and similar number were the same.

Plaintiff may have a cause of action against those storekeepers, but there was no evidence that the defendant conspired with the dealers or had anything to do with the alleged representations.

Defendant may prepare findings, conclusions, order for, and form of judgment.