STEWART PAINT MFG. CO.,
Plaintiff,

v.

UNITED HARDWARE DISTRIBUTING
CO., Defendant.

Civ. No. 5307.

United States District Court
D. Minnesota, Fourth Division.

Nov. 1, 1956.

Arthur S. Caine, Minneapolis, Minn., for plaintiff.

Wright W. Brooks, Minneapolis, Minn., for defendant.

DEVITT, District Judge.

This case, decided June 14, 1956, is reported in 141 F.Supp. 638.

Plaintiff has moved the Court that its decision "be withdrawn"; that the findings of fact and conclusions of law be amended; that a new trial be granted; and that plaintiff be permitted to reopen the case for the reception of newly discovered evidence.

The matter was fully argued on October 5, 1956. The Court has reviewed the entire file and concludes that the decision previously rendered was a correct one, and that no useful purpose would be served by reopening the case.

This matter involved two causes of action—for infringement of a registered trade name, and for unfair competition. Both parties are engaged in interstate commerce. The first cause of action was based on the use of the term "Agate Top" by defendant on its paint products. This was alleged to be an infringement of the plaintiff's registered trade name "Flint Top".

The Court was satisfied, and decided accordingly, that defendant had ceased using the term "Agate Top" on its products, and that there would therefore be no occasion to enjoin any further use. Plaintiff contests this finding and seeks to reopen the case in order to produce evidence to support his allegation that the alleged infringement is continuing.

It appears that the evidence proposed to be introduced would only be repetitive of that which is already in the record, but at all events, the Court is satisfied that the defendant's use of the term "Agate Top" cannot be an infringement of plaintiff's registration of the term "Flint Top" because the terms are merely descriptive of the products sold, and hence not subject to exclusive use under the Lanham Act, 15 U.S.C.A. § 1115 (b) (4).

A comparison of the terms themselves reveals that a buyer of paint would not be confused into buying "Agate Top" thinking he was getting "Flint Top." The word "Top" is the only similar word in either term; as to the words "Agate" and "Flint" there can be no reasonable claim to resemblance. In Sears, Roebuck & Co. v. Elliot Varnish Co., 7 Cir., 232 F. 588, a case strikingly similar on its facts to the case at bar, the term "Never Leak" as a paint trade name was held not to be an infringement of the term "Roof Leak," also a paint trade name, and an action for trademark infringement and unfair competition based on this alleged infringement was unsuccessful. See also National NuGrape Co. v. Guest, 10 Cir., 164 F.2d 874.

The word "Top" as applied to paint can fairly be said to be a descriptive term and not such a fanciful or arbitrary designation as would preclude its use by any one else in the paint industry. The words "Agate" and "Flint" when used with the term "Top" are intended to describe a paint product that has a hard finish, and these terms are adequately suited for that descriptive purpose, and are consequently not subject to the exclusive use of any one in the paint industry. Compare National Lead Co. v. Wolfe, 9 Cir., 223 F.2d 195, 199. To illustrate the extent to which some courts have gone in determining that a word is descriptive

rather than fanciful, the term "Opaline", a paint trade name, has been held to be a descriptive term, not registerable under the trademark laws, and therefore, a term which may be used by any one. Continental Varnish Co. v. Alabastine, 56 App.D.C. 19, 6 F.2d 717.

The terms "Agate Top" and "Flint Top" have been used by the parties on the labels of their paint cans. These labels are so dissimilar and distinctive from each other, both in color and format, that no casual buyer exercising any degree of prudence could mistake or confuse the source of the product. It cannot reasonably be said that a buyer would be misled into buying "Agate Top" thinking it was "Flint Top", nor that such a buyer would think that "Agate Top" was another brand in the Stewart paint line, for the totally dissimilar labels dispel any such notion.

It Is Therefore Ordered That:

1. Plaintiff's motions are denied.

2. This memorandum and the Court's memorandum decision of June 14, 1956, reported in 141 F.Supp. 638, be made, by reference, a part of the findings and conclusions previously filed herein.